UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES I. DALE,<br><br>    Plaintiff,<br><br>vs.<br><br>VARIOUS STATE OFFICIALS,<br><br>    Defendants. | 4:04-CV-04153<br>4:06-CV-4117<br>4:07-CV-4003<br>4:14-CV-4003<br>4:14-CV-4102<br>4:15-CV-4103-01<br>4:16-CV-4024<br>4:16-CV-4133<br><br>ORDER DENYING MOTION TO RESCIND OR CLARIFY ORDER DOCKET NO. 97 IN CIV. 04-4153 |

Previously, James I. Dale, plaintiff in each of the above-referenced case numbers, filed civil lawsuits in this court while a prisoner in South Dakota state penitentiaries. Subsequent to those filings, he was released from the custody of South Dakota. He is now an inmate in a Minnesota state prison.

When Mr. Dale was incarcerated in South Dakota, this court had in place orders in each of the above cases directed to Mr. Dale's custodians directing the payment of Mr. Dale's filing fees. When Mr. Dale was transferred to the custody of the state of Minnesota, this court issued an omnibus order to Mr. Dale's new custodians directing that they deduct 20 percent of the monthly balance of Mr. Dale's prison account whenever his account balance exceeded

$10.  See Docket No. 89 in Civ. 04-4153.  This order was in conformity with 28 U.S.C. § 1915(b)(2), a provision of the Prison Litigation Reform Act.

Mr. Dale now seeks an order from this court rescinding that omnibus fee-collection order, or in the alternative, order the Minnesota custodians to calculate their withdrawal of fees from his account differently.  See Docket No. 97.  Mr. Dale has a prison job in his Minnesota facility and earns $9.71 per hour.  See Docket No. 98-1.  In a compensation statement Mr. Dale submitted to the court, Mr. Dale earned $631.15 from his job between December 3 and 16, 2017.  Id.  The Minnesota custodians then, pursuant to this court's omnibus order, deducted 20 percent of $631.15 (which equals $126.23) from his prison account to apply to his outstanding filing fees in his federal cases in the District of South Dakota.  Id.  This is in accord with this court's order and with § 1915(b)(2).  See Docket No. 89; 28 U.S.C. § 1915(b)(2).

However, the Minnesota authorities are also deducting money from Mr. Dale's account for costs of confinement, restitution, child support, and other matters.  See Docket No. 98 in Civ. 04-4153.  The Minnesota authorities deduct the 20 percent for federal filing fees first, and then deduct the other expenses afterward.  Id.  Mr. Dale wants this court to order the Minnesota authorities to deduct the miscellaneous expenses first, and then take 20 percent out of the reduced figure.  Id.  In this way, Mr. Dale anticipates he will get to keep more of his wages from his prison job and save up money for his anticipated release from prison.  See Docket Nos. 97 & 98.

So long as the Minnesota custodians comply with this court's order, this court has nothing to say about how they conduct other administrative matters such as the order in which deductions from Mr. Dale's paycheck are made. The Minnesota custodians are in compliance with this court's order and with the Prison Litigation Reform Act. Accordingly, it is hereby

ORDERED that Mr. Dale's motion to rescind this court's prior order [Docket No. 97] is DENIED. Likewise, Mr. Dale's alternative motion for an order to require his Minnesota custodians to reorder the manner in which they calculate deductions from Mr. Dale's prison account is also DENIED.

DATED this 9th day of January, 2018.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge